## KELLER-KOHN CO. v. LITTLE et al.

No. 17663. Opinion Filed Sept. 27, 1927.

(Syllabus.)

**Trial—Motion for Directed Verdict and Demurrer to Evidence—When not Justified.**

Where a question is presented to a trial court on a demurrer to the sufficiency of the evidence, or on a motion for directed verdict, the rule of law is whether, admitting the truth of the evidence, which has been given in favor of the party against whom the action is contemplated, together with such inferences and conclusions as may be reasonably drawn from it, there is enough evidence to reasonably sustain a verdict, if such a state of facts exists, then such demurrer or motion to direct a verdict must be denied.

Commissioners' Opinion, Division No. 2.

Error from District Court, Jackson County; Frank Mathews, Judge.

Action by Keller-Kohn Company against Velma Little and J. J. Little. Judgment for defendants, and plaintiff appeals. Affirmed.

Robinson & Oden, for plaintiff in error.

E. E. Gore, for defendants in error.

HERR, C. This is a suit instituted in the district court of Jackson county by Keller-Kohn Company against Velma Little and J. J. Little to recover a balance of $288 alleged to be due plaintiff on account of merchandise sold and delivered to the defendants. The case was tried by a jury, resulting in a verdict and judgment for defendants. Plaintiff appeals to this court.

The controversy in this case arises over two shipments of merchandise, one in the sum of $192.50, shipped March 6, 1924; and the other in the sum of $95.50, shipped March 11, 1924. The defendant J. J. Little, under the evidence, is not interested in this controversy and is not a proper party defendant. The defendant Velma Little was running a ladies' ready-to-wear store in the town of Altus, Okla., and had ordered numerous shipments of merchandise from the plaintiff. It is contended by her that these disputed shipments were never ordered by her, and that within a reasonable length of time after receiving such shipments she returned the same to plaintiff.

The only error assigned by plaintiff is error of the court in overruling its motion for a directed verdict. It is argued by the plaintiff that the evidence is overwhelming that the merchandise in question was in fact ordered by the defendant; there was no signed order for the goods; the goods were shipped upon memorandum taken from an order sheet made by plaintiff's traveling salesman, who testified on the witness stand, positively, that the goods were ordered by defendant. This testimony is corroborated to some extent by other evidence in the case. The defendant, however, testified, equally positively, that these shipments were never ordered by her. The court instructed the jury that, if the goods were in fact ordered by the defendant, she would be liable to the plaintiff even though she refused to accept the goods and afterwards returned the same. The jury having found this issue against the plaintiff and there being sufficient evidence to sustain the finding, such finding will not be disturbed on appeal.

It is further contended by plaintiff that, even though the goods were not ordered by defendant, under the law, it devolved upon her to return the same within a reasonable time, and it is further contended that the goods were kept an unreasonable length of time, and, therefore, the defendant is liable, whether she ordered the goods or not.

Both of these shipments were received on March 13, 1924, and returned May 9, 1924. We think the question as to whether or not these shipments were returned in a reasonable length of tife was a question for the jury. This issue was submitted to the jury under the following instruction:

"A merchant to whom goods and merchandise have been shipped which had not been ordered by said merchant has the legal right to refuse to accept said merchandise and is under no obligation to accept and pay for the same, provided said merchandise is returned to the shipper within a reasonable time after it has been received by the merchant.

"Just what is a reasonable time to return is a question for the decision of the jury, and is that time in which such merchandise is ordinarily returned by merchants in the exercise of ordinary diligence under the same or similar conditions and circumstances."

We think we would not be justified in holding, as a matter of law, that the goods were not returned within a reasonable length of time. The jury found, under the evidence and the instructions, that the same were returned within a reasonable time. We do not feel justified in disturbing the finding of the jury on this question. The court ruled correctly in submitting the case to the jury.

No other errors being assigned, judgment of the trial court should be affirmed.

This is page 2 of 2

BENNETT, JEFFREY, HALL, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See 38 Cyc. pp. 1543, 1548 1567, 1586, 1587; 26 R. C. L. p. 1067; 3 R. C. L. Supp. 1491; 4 R. C. L Supp. p. 1694; 5 R. C. L. Supp. p. 1438; 6 R. C. L. Supp. p. 1581.